IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Timothy Ira Battles,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>Carolyn W. Colvin, Commissioner  )<br>of Social Security Administration,  )<br>)<br>Defendant.  )<br>_____ ) | Civil Action No. 9:12-3059-SB<br><br>**ORDER** |



This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied the Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The record includes the report and recommendation ("R&R") of United States Magistrate Judge Bristow Marchant, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C.

In the R&R, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. The Plaintiff filed timely objections to the R&R, and the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's R&R within fourteen days after being served a copy).

## BACKGROUND

The Plaintiff filed his application for benefits on January 21, 2010, alleging disability beginning on June 30, 2008, due to high blood pressure, diabetes, blurred vision, depression, lower back problems, and neuropathy. The Plaintiff's application

was denied initially and upon reconsideration. On March 7, 2011, the Plaintiff filed a timely request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on April 13, 2012, at which the Plaintiff appeared and testified. At the hearing, the Plaintiff amended his alleged onset date of disability to February 22, 2009.

On May 23, 2012, the ALJ issued a decision denying benefits. The Appeals Council subsequently denied the Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's determination the final decision of the Commissioner.

The Plaintiff was born on September 27, 1965, and he was forty-four years old when he filed his application and forty-six on the date of the ALJ's decision. The Plaintiff completed the ninth grade and earned his GED, and he has past relevant work experience as a driver/furniture mover, garbage laborer, warehouse worker, janitor, landscape laborer, and fast food worker.

## STANDARD OF REVIEW

### I. The Magistrate Judge's R&R

The Court conducts a de novo review to those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations contained in the report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

### II. Judicial Review of a Final Decision

The role of the federal judiciary in the administrative scheme as established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he

findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celecbreeze, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last

3

for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

Mastro, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. Walls, 296 F.3d at 290.

Here, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since February 22, 2009, the amended alleged onset date. At the second step, the ALJ found the following severe impairments: insulin-dependent diabetes mellitus with lower extremity neuropathy, mild degenerative disc disease, and hypertension.

Third, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Next, the ALJ determined that the Plaintiff is unable to perform any past relevant work. Finally, the ALJ concluded that, based upon the Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that the Plaintiff can perform. Therefore, the ALJ found that the Plaintiff was not disabled.

## II.    The Instant Action

In this action, the Plaintiff contends that the ALJ erred by failing to give controlling weight to the opinion of treating physician Dr. Mary Robinson. Specifically, the Plaintiff argues that the ALJ failed to properly consider Dr. Robinson's opinion that the Plaintiff's diabetes mellitus condition resulted in severe paresthesias of the hands, fingers, toes, feet, and lower legs, which the Plaintiff argues would preclude the performance of all of the jobs identified by the vocational expert.[1]

After consideration, the Magistrate Judge rejected the Plaintiff's arguments and found: that substantial evidence supports the Commissioner's decision to discount Dr. Robinson's opinion from July 6, 2010; and that the ALJ adequately explained her

---

[1] Dr. Robinson completed a peripheral neuropathy questionnaire on July 16, 2010, noting that the Plaintiff's diabetes mellitus resulted in pain; paresthesia; abnormal gait; deficiencies in joint proprioception; postural hypotension; weakness; sensory loss; decreased tendon reflexes; chronic fatigue; cramping, burning calves and feet; and muscle atrophy. Dr. Robinson opined that these severe symptoms caused significant limitations in the Plaintiff's ability to reach, handle, or finger due to pain/paresthesias, muscle weakness, and sensory loss/numbness, and that as a result the Plaintiff would only be able to grasp, turn, or twist objects with his hands for twenty percent of an eight-hour workday; reach with the arms in front of the body for thirty percent of an eight-hour workday; and reach with the arms overhead for twenty percent of an eight-hour workday. (Tr. at 467-71.)

5

treatment of Dr. Robinson's opinion. The Plaintiff filed objections to the R&R, arguing that the Magistrate Judge improperly assessed the ALJ's evaluation of the medical evidence. After review, and for the reasons set forth herein, the Court agrees with the Magistrate Judge and finds the Plaintiff's objections to be without merit.

As both the ALJ and the Magistrate Judge noted, the opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2); Mastro, 270 F.3d at 178. "By negative implication, if a treating physician's opinion is not supported by clinical evidence or if it is inconsistent with the other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178 (citing Hunter, 993 F.2d at 35. Social Security Ruling 96-2p requires an ALJ to give specific reasons for the weight given to a treating physician's medical opinion.

In reviewing the ALJ's consideration of Dr. Robinson's opinion, the court is focused on whether substantial evidence supports the ALJ's opinion. The court is not to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner." Craig, 76 F.3d at 589. Here, the ALJ considered Dr. Robinson's assessment from July 16, 2010, and ultimately determined that the opinion was out of proportion to the findings contained in other treatment records from the same clinic, which indicated, inter alia, that the Plaintiff was

often noncompliant with his medication; that the Plaintiff was consistently reported as "well-appearing" and had only occasional complaints of numbness and tingling; that he had normal sensation; and that he was trying to find out how many hours he could work without decreasing his chances of being awarded disability. The ALJ also noted that Dr. Robinson's assessed limitations conflicted with the Plaintiff's own reported activities, which included, inter alia, cooking meals, doing laundry, making his bed, cleaning his bathroom, using public transportation, going shopping, playing video games and cards, handling his finances, driving short distances, and attending church. As the ALJ noted, the Plaintiff's treatment records do not indicate problems with gait, weakness, sensory disturbance, decreased reflexes, atrophy, or significant edema requiring elevation.

After review of the record and the Plaintiff's objections, the Court fully agrees with the Magistrate Judge that substantial evidence supports the ALJ's decision to give less than controlling weight to Dr. Robinson's July 16, 2010 assessment of the Plaintiff's limitations. As previously mentioned, it is not this Court's job to re-weigh conflicting evidence or make credibility determinations. The ALJ adequately explained her reasons for giving less weight to Dr. Robinson's assessment, and the Court finds that the record contains substantial evidence to support the Commissioner's conclusion that the Petitioner was not disabled within the meaning of the Social Security Act during the relevant time period.

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 16) is adopted and specifically incorporated herein; the Plaintiff's objections (Entry 18) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED**

Sol Blatt, Jr.
Senior United States District Judge

February 25, 2014
Charleston, South Carolina